**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GANGGUANG WEI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-73008

Agency No. A088-277-041

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013**

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Gangguang Wei, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

_____

*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Wei's testimony was not credible based on discrepancies between his testimony and declaration, including the inconsistency regarding the length of his detention. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (discrepancy between testimony and declaration supported adverse credibility finding); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (explanations were insufficient). Substantial evidence also supports the BIA's finding that Wei failed to establish a claim for asylum or withholding of removal based on his documentary evidence alone. *See Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000) ("An applicant bears the burden of proof with respect to eligibility for asylum and withholding of deportation."). In the absence of credible testimony, Wei's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, we reject Wei's contention that the IJ failed to give proper weight to the corroborating evidence and denied him a fair and impartial trial. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**